

JAC/DOJ-ATR: USAO2016R00469

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. GLR-16-0362 |
| WALLENIUS WILHELMSEN LOGISTICS AS, | * (Sherman Act Conspiracy, 15 U.S.C. § 1) |
| Defendant | * |

\*\*\*\*\*\*\*

### INFORMATION

The United States charges that:

1. From at least February 2000 to at least September 2012 ("the relevant period"), Wallenius Wilhelmsen Logistics AS ("defendant") was a corporation organized and existing under the laws of Norway, with its principal place of business in Oslo, Norway. During the relevant period, the defendant's U.S. subsidiary was headquartered at offices in Woodcliff Lake, New Jersey. During the relevant period, the defendant was engaged in the business of providing international ocean shipping services for roll-on, roll-off cargo to and from the United States and elsewhere. Roll-on, roll-off cargo is non-containerized cargo that can be both rolled onto and rolled off of an ocean-going vessel. Examples of such cargo include new and used cars and trucks and mining, construction, and agricultural equipment.

2. The Port of Baltimore, located in the District of Maryland, is one of the largest ports in the United States for the import and export of roll-on, roll-off cargo. During the relevant period, the defendant or its co-conspirators exported roll-on, roll-off cargo affected by the offense charged herein from the Port of Baltimore. Those shipping services, and the cargo transported by the defendant and its co-conspirators through the Port of Baltimore, were affected by the offense charged herein.

3. Other corporations and individuals, not made defendants in this Information, participated as co-conspirators in the offense charged in this Information and performed acts and made statements in furtherance of it.

4. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

### Description of the Offense

5. During the relevant period, the exact dates being unknown to the United States, in the District of Maryland and elsewhere, the defendant and co-conspirators knowingly entered into and participated in a combination and conspiracy to suppress and eliminate competition by allocating customers and routes, rigging bids, and fixing prices for international ocean shipping services for roll-on, roll-off cargo, such as cars and trucks, to and from the United States and elsewhere. The combination and conspiracy engaged in by the defendant and its co-conspirators was in unreasonable restraint of interstate and foreign trade and commerce in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

6. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and its co-conspirators, the substantial terms of which were to allocate customers, rig bids, and to fix, stabilize, and maintain prices for international ocean shipping services for roll-on, roll-off cargo, such as cars, trucks, and mining, construction, and agricultural equipment, to and from the United States and elsewhere.

### Means and Methods of the Conspiracy

7. For purposes of forming and carrying out the charged combination and conspiracy, the defendant and/or its co-conspirators did those things that they combined and conspired to do, in the United States and elsewhere, including, among other things:

a. attended meetings and engaged in communications during which they agreed to allocate certain customers and routes among corporate conspirators, including customers in the United States and routes to and from the United States, for international ocean shipping services for roll-on, roll-off cargo;

b. attended meetings and engaged in communications during which they agreed not to compete against each other, by refraining from bidding or by agreeing on the prices they would bid for certain customers and routes, including for customers located in the United States and routes to and from the United States;

c. attended meetings and engaged in communications during which they agreed to fix, stabilize, and maintain rates charged to certain customers of international ocean shipping services, including customers located in the United States and for routes to and from the United States;

d. to carry out such agreements, discussed and exchanged prices for certain bids and tenders, including for customers located in the United States and for routes to and from the United States;

e. submitted price quotations and bids in accordance with the agreements reached, including to customers in the United States and for routes to and from the United States;

f. submitted invoices and received payments for international ocean shipping services sold at collusive, noncompetitive prices to customers in the United States and elsewhere; and

g. provided international ocean shipping services to customers in the United States and elsewhere, on routes to and from the United States and elsewhere, at collusive and non-competitive prices.

## Trade and Commerce

8. The international ocean shipment of roll-on, roll-off cargo as used herein is defined as deep-sea or trans-ocean transportation and does not include short-sea or coastal water freight transportation between the contiguous and non-contiguous states and territories of the United States.

9. During the relevant period, the defendant and its co-conspirators sold international ocean shipping services for roll-on, roll-off cargo to customers in the United States. The charged combination and conspiracy involved trade or commerce among the several states and U.S. import trade or commerce in ocean shipping services for roll-on, roll-off cargo.

10. During the relevant period, the defendant and its co-conspirators sold international ocean shipping services for roll-on, roll-off cargo imported into the United States. The charged combination and conspiracy had a direct, substantial, and reasonably foreseeable effect on U.S. import trade or commerce in roll-on, roll-off cargo shipped from foreign nations to the United States, and that effect, in part, gives rise to this charge.

11. During the relevant period, the defendant and its co-conspirators sold international ocean shipping services for roll-on, roll-off cargo exported from the United States. The charged combination and conspiracy had a direct, substantial, and reasonably foreseeable effect on U.S. export trade or commerce in roll-on, roll-off cargo shipped from the United States to foreign nations of a person engaged in such trade or commerce in the United States, and that effect, in part, gives rise to this charge.

12. During the relevant period, the business activities of the defendant and its co-conspirators in connection with the international ocean shipment of roll-on, roll-off cargo to and from the United States were within the flow of, and substantially affected, commerce among the states and with foreign nations.

13. During the relevant period, the charged combination and conspiracy had a substantial and intended effect in the United States, including on trade or commerce among the several states and with foreign nations in international ocean shipping services for roll-on, roll-off cargo. For example, the charged combination and conspiracy had a substantial and intended effect on the price of shipping roll-on, roll-off cargo to and from the United States.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated:

_____
Renata B. Hesse
Principal Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

_____
Brent Snyder
Deputy Assistant Attorney General
Antitrust Division
United States Department of Justice

_____
Marvin N. Price
Director of Criminal Enforcement
Antitrust Division
United States Department of Justice

_____
Lisa M. Phelan
Chief, Washington Criminal I Section
Antitrust Division
United States Department of Justice

_____
Kevin B. Hart
Lauren M. Elfner
Jon B. Jacobs
Carsten M. Reichel
Emma M. Burnham
Eyitayo St. Matthew-Daniel
Attorneys, Antitrust Division
United States Department of Justice
450 5th Street, N.W., Suite 11300
Washington, D.C. 20530
(202) 598-8242
kevin.hart@usdoj.gov